## FALK v. CITY ITEM PRINTING CO.

(Circuit Court, E. D. Louisiana. March 10, 1897.)

**1. COPYRIGHT OF PHOTOGRAPH—INFRINGEMENT SUITS—PLEADING.**

In a suit for alleged copyright in a photograph, it is necessary, it seems, for complainant to allege, for the purpose of showing his right of copyright, the existence of facts of originality, intellectual production, thought, and conception.

**2. SAME—INFRINGEMENTS.**

Infringement in respect to copyrighted photographs of a stage dancer cannot be sustained merely upon exhibits, cut from a daily paper, showing a crude illustration or woodcut of certain poses which the dancer assumes, but which do not appear to be copies of, or have any connection with, the petitioner's photographs.

This was a suit by Benjamin J. Falk against the City Item Printing Company for alleged infringement of a copyright in certain photographs of Mme. Loie Fuller. The cause was heard on exceptions to the petition.

Dinkelspiel & Hart, for plaintiff.

J. R. Beckwith, for defendant.

PARDEE, Circuit Judge. In Lithographic Co. v. Sarony, 111 U. S. 53, 4 Sup. Ct. 279, the supreme court held that the constitution is broad enough to cover an act authorizing copyright photographs, so far as they are representatives of original intellectual conceptions of the author, and that, when a supposed author sues for a violation of his copyright, the existence of facts of originality, of intellectual production, of thought and conception, on the part of the author, should be proved. If, in order for the petitioner to recover, he must prove the above-mentioned facts, it is necessary, under our practice, that he should aver them; and an averment that the petitioner is "the author, inventor, designer, and proprietor of a photograph" of a person, which photograph is alleged to be copyrighted, is not sufficient. To be the author, inventor, and designer of a map, book, or statue, one must necessarily have injected some intellectual effort into the production; but one may be the author of a photograph of a person or natural object without intellectual effort involving invention or originality. If it is admitted that the petitioner has the copyright of the two photographs attached to and made part of the petition, and that the petition sufficiently shows that the petitioner is the author, inventor, and designer of said photographs, still the petition fails to make a case for recovery, because no sufficient infringement of the petitioner's copyright is set forth, the petition and exhibits being

79 F.—21

taken as a whole. Attached to and made part of the petition is a copy of the City Item of October 11, 1896, which is alleged to be the infringing copy which the said paper in its said issue "did engrave, etch, work, copy, print, publish, and import, in whole and in part, copies of the said copyright photographs." An inspection of the alleged infringing copy, in connection with the publication accompanying, shows that what the paper did print and publish is a crude illustration or woodcut of certain poses which Mme. Loie Fuller assumes on the stage in her dancing exhibitions; but in no way does it appear, or can it be inferred from the exhibit, that the said illustrations are copies of, or in anywise connected with, the petitioner's photographs. Unless petitioner has a copyright upon the poses assumed by Mme. Loie Fuller upon the stage in her dancing exhibitions, he ought not to complain that others, by wood sketches or other artistic means,—even by photographic process,— shall make and publish illustrations of such poses. If petitioner's action for infringement is solely based upon the exhibit filed in his petition, I am unable to see that he has a cause of action. The exception is sustained, with leave to petitioner to amend, as counsel may advise.